UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN SMITH, | 1:17-cv-00634-DAD-GSA-PC |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| vs. | (ECF No. 11.) |
| C. BURGDORFF, et al., | |
| Defendants. | |

**I.   BACKGROUND**

This is a civil action filed by Lillian Smith ("Plaintiff"), a state prisoner proceeding *pro se*. This action was initiated by civil complaint filed by Plaintiff in the Madera County Superior Court on November 18, 2016 (Case #MCV073193). On May 17, 2017, defendants C. Burgdorff, J. Harry, E. Olesky, and B. Wilkins ("Defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(a). (ECF No. 1.) On April 16, 2018, the court screened the Complaint under 28 U.S.C. § 1915A and issued an order dismissing the Complaint for failure to state a claim upon which relief may be granted, with leave to amend. (ECF No. 10.) In the order, Plaintiff was directed to file a First Amended Complaint within thirty days, and she was forewarned that her failure to comply with the court's order "shall result in a recommendation that this case be dismissed for failure to state a claim." (Id. at 10.)

On May 3, 2018, Plaintiff filed a motion for reconsideration of the court's screening order. (ECF No. 11.)

## II. MOTION FOR RECONSIDERATION

Rule 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ." exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted). The moving party "must demonstrate both injury and circumstances beyond his control . . . ." Id. (internal quotation marks and citation omitted). In seeking reconsideration of an order, Local Rule 230(k) requires Plaintiff to show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted, and "[a] party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation . . . " of that which was already considered by the Court in rendering its decision," U.S. v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. See Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D. Cal. 1986), affirmed in part and reversed in part on other grounds, 828 F.2d 514 (9th Cir. 1987).

## III. DISCUSSION

Plaintiff requests the court to reconsider its decision in the screening order to dismiss her claims against defendants C. Burgdorff, J. Harry, E. Olesky, and B. Wilkins. Plaintiff disagrees with the court's assessment of these claims. Plaintiff reiterates her allegations against defendants and requests the court to reverse the decision in the screening order.

Plaintiff has not set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. Therefore, the motion for consideration shall be denied.

At this stage of the proceedings, if Plaintiff disagrees with the court's screening order her remedy is to file a First Amended Complaint clearly and succinctly stating the allegations and claims upon which she wishes to proceed. Thereafter the court will screen the First Amended Complaint based on her allegations stated therein. Plaintiff shall be granted additional time to prepare and file a First Amended Complaint.

## IV. CONCLUSION

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration, filed on May 3, 2018, is DENIED;
2. Within thirty days from the date of service of this order, Plaintiff is required to comply with the court's Screening Order of April 16, 2018, by filing a First Amended Complaint; and
3. Plaintiff's failure to comply with this order shall result in a recommendation that this action be dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated: **May 7, 2018**        **/s/ Gary S. Austin**
                   UNITED STATES MAGISTRATE JUDGE