UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILLIAN SMITH,<br><br>        Plaintiff,<br><br>    vs.<br><br>C. BURGDORFF, et al.,<br><br>        Defendants. | 1:17-cv-00634-DAD-GSA-PC<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CASE FOR FAILURE TO OBEY COURT ORDER**<br>**(ECF No. 14.)**<br><br>**OBJECTIONS, IF ANY, DUE WITHIN FOURTEEN (14) DAYS** |

**I.  BACKGROUND**

This is a civil action filed by Lillian Smith ("Plaintiff"), a state prisoner proceeding *pro se*. This action was initiated by civil complaint filed by Plaintiff in the Madera County Superior Court on November 18, 2016 (Case #MCV073193).  On May 17, 2017, defendants C. Burgdorff, J. Harry, E. Olesky, and B. Wilkins ("Defendants") removed the case to federal court by filing a Notice of Removal of Action pursuant to 28 U.S.C. § 1441(a).  (ECF No. 1.)

On April 16, 2018, the court screened Plaintiff's Complaint and issued an order dismissing the Complaint for failure to state a claim, with leave to amend.  (ECF No. 10.)  On May 16, 2018, Plaintiff filed the First Amended Complaint.  (ECF No. 13.)

On October 15, 2018, the court screened Plaintiff's First Amended Complaint and issued an order dismissing the First Amended Complaint for violation of Rule 8, with leave to

1

amend. (ECF No. 14.) Plaintiff was granted thirty days in which to file a Second Amended Complaint. The thirty-day time period has now expired and Plaintiff has not filed a Second Amended Complaint, or otherwise responded to the court's order.

## II. DISMISSAL FOR FAILURE TO COMPLY WITH COURT ORDER

In determining whether to dismiss this action for failure to comply with the directives set forth in its order, "the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992)).

"'The public's interest in expeditious resolution of litigation always favors dismissal,'" id. (quoting Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)), and here, the action has been pending since May 4, 2017. Plaintiff's failure to comply with the court's order may reflect Plaintiff's disinterest in prosecuting this case. In such an instance, the court cannot continue to expend its scarce resources assisting a litigant who will not participate in the litigation of her case. Thus, both the first and second factors weigh in favor of dismissal.

Turning to the risk of prejudice, "pendency of a lawsuit is not sufficiently prejudicial in and of itself to warrant dismissal." Id. (citing Yourish at 991). However, "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale," id., and it is Plaintiff's failure to file a Second Amended Complaint that is causing delay. Therefore, the third factor weighs in favor of dismissal.

As for the availability of lesser sanctions, at this stage in the proceedings there is little available to the court which would constitute a satisfactory lesser sanction while protecting the court from further unnecessary expenditure of its scarce resources. Given that Plaintiff is a prisoner proceeding *pro se* the court finds monetary sanctions of little use, and given the early stage of these proceedings the preclusion of evidence or witnesses is not available. However, inasmuch as the dismissal being considered in this case is without prejudice, the court is stopping short of issuing the harshest possible sanction of dismissal with prejudice.

Finally, because public policy favors disposition on the merits, this factor will always weigh against dismissal. Id. at 643.

**III.     CONCLUSION AND RECOMMENDATIONS**

Based on the foregoing, the court **HEREBY RECOMMENDS** that this action be dismissed based on Plaintiff's failure to obey the court's order of October 15, 2018.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within fourteen (14) days** from the date of service of these findings and recommendations, Plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **December 6, 2018**                    **/s/ Gary S. Austin**
                                                                    UNITED STATES MAGISTRATE JUDGE